UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHARLES D. WARREN,

                            Petitioner,

           - against -

SUPERINTENDENT *of the Auburn
Correctional Facility*,

                            Respondent.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-0418 (PKC)

PAMELA K. CHEN, United States District Judge:

Beginning on July 7, 2025, Petitioner Charles D. Warren, proceeding *pro se*, submitted a series of three letters to the United States District Court for the Southern District of West Virginia seeking release from his incarceration in state prison.  (Pet., Dkt. 1; Pet'r's Letters, Dkts. 5–6.) That court construed Warren's filings as a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Section 2254").  (*See* Notice, Dkt. 3.)  By Order dated December 1, 2025, the action was transferred to the United States District Court for the Northern District of New York, where Warren is detained.  (*See* Order Transferring Case, Dkt. 7.)  By Order dated January 23, 2026, Warren's request to proceed *in forma pauperis* ("IFP"), submitted on January 13, 2026, was granted, and the case was transferred to this Court as the appropriate forum for Warren to challenge the 2016 Queens County, New York conviction pursuant to which he is incarcerated, according to a search of the New York State Department of Corrections and Community Services database.  (*See* Decision & Order, Dkt. 12, at 2–3.)

As set forth below, Warren is granted thirty (30) days to withdraw his petition, file an amended petition, or inform the Court that he would like to proceed with his petition for writ of habeas corpus pursuant to Section 2254.

***ADAMS* NOTICE**

Although Warren's submissions are somewhat difficult for the Court to understand, he states that he seeks to be "released from custody." (Pet., Dkt. 1, at ECF[1] 1; *see also* Letter, Dkt. 6 (stating that Warren is "illegally detained").) Since Warren was convicted in state court and he is serving a sentence in state prison, (*see* Decision & Order, Dkt. 12, at 2–3), the proper basis for his request is a habeas corpus petition under Section 2254. *See Diaz v. Kopp*, 146 F.4th 301, 307 (2d Cir. 2025) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994))). Section 2254 allows a federal district court to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court" if the application is "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (explaining that a state prisoner "not only may, but according to the terms of [S]ection 2254 must, bring [any] challenge to the execution of his or her sentence . . . under [S]ection 2254," and not under the other provisions of the federal habeas corpus statutes). However, Warren does not explicitly invoke Section 2254 (or any other statutory basis for his request). (*See generally* Pet., Dkt. 1; Pet'r's Letters, Dkts. 5–6.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, places "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus" under Section 2254. *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998).

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

As a result, the Second Circuit has held that "district courts should not recharacterize a motion purportedly made under some other rule as a motion made" under Section 2254 "unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized," or "(b) the court finds that, notwithstanding its designation, the motion should be considered as made under [Section 2254] because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Id.* at 584 (discussing petitions under 28 U.S.C. § 2255); *Cook*, 321 F.3d at 281–82 (applying same analysis to petitions under Section 2254).

Because there are potential consequences for Warren's rights if the Court construes his submissions as a Section 2254 petition, the Court formally advises Warren that the relief he seeks has a proper jurisdictional basis in Section 2254, and that he may only have one opportunity to bring a petition pursuant to Section 2254. Warren is directed to advise the Court whether he would like to proceed with his petition under Section 2254, file an amended petition under that statute, or withdraw his request in order to protect his opportunity to bring a Section 2254 petition in the future.

Warren is further advised that, under the AEDPA, there is a one-year statute of limitations for a Section 2254 petition. *See* 28 U.S.C. § 2244(d)(1). That means he cannot bring a lawsuit under Section 2254 unless it is within one year of one of these events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  This statute of limitations is not tolled by Warren filing the current lawsuit, or by him withdrawing it.  *See Rhines v. Weber*, 544 U.S. 269, 275 (2005).

## CONCLUSION

The Court directs Warren to, by thirty (30) days from this Memorandum & Order, inform the Court whether he would like to: (1) withdraw his petition to preserve his ability to bring another Section 2254 action in the future; (2) file an amended Section 2254 petition; or (3) have the Court consider his prior submissions under Section 2254.  In the event Warren would like to amend his petition, the Court advises him that there is a form he can fill out that includes the relevant information he must provide.  The Court will mail Warren a copy of that form (titled Petition for Relief From a Conviction or Sentence By a Person in State Custody) along with this Memorandum & Order.

No response shall be required from Respondent at this time, and all further proceedings shall be stayed for thirty (30) days.  If Warren does not respond within thirty (30) days of this Memorandum & Order, the Court will deem his petition as brought under Section 2254 and proceed to consider his prior submissions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  April 7, 2026
        Brooklyn, New York

4